IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES *ex rel.* | ) | |
| BENJAMIN CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:10cv864 (JCC/TCB) |
| | ) | |
| HALLIBURTON COMPANY, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Relator Benjamin Carter's ("Carter" or "Relator") Motion to Seal ("Mot."). [Dkt. 37.] For the following reasons, the Court will grant the Motion to Seal only as to Exhibit J and as to the portions of Relator's Opposition that address Exhibit J and will deny the Motion to Seal as to all other exhibits.

### **I. Background**

#### A. Factual Background

Relator moved to seal the unredacted copy of his opposition, [Dkt. 36] (the "Opposition"), to Defendants Halliburton Company, KBR, Inc., Kellogg Brown & Root Services, Inc., and Service Employees International, Inc.'s (collectively, "Defendants") motion to dismiss, and exhibits C through J thereto, [Dkts. 36-3 to-10]. (Mot. at 1.)

1

Defendants filed a response. [Dkt. 40 ("Resp.").] Defendants do not object to Carter's Motion to seal, but "submit [their] response to explain why Exhibit J meets the sealing standards applied in this Court." (Resp. at 1.)

This case is substantively identical to an earlier case Carter filed in this Court, 1:08cv1162 ("Carter 2008"), which the Court dismissed in May of 2010, as more fully set forth in this Court's Memorandum Opinion regarding Defendants' motion to dismiss. In Carter 2008, the parties agreed to a Stipulated Protective Order Regarding Disclosure of Confidential Information (the "Protective Order"), which was entered by Magistrate Judge Anderson on October 23, 2009. (1:08cv1162 [Dkt. 149].) The Court notes that though this is informative, this case is *not* Carter 2008, and a review of the docket in *this* case shows there is no entered protective order.

Carter asserts that his Opposition "references material designated as 'Confidential' pursuant to the parties' October 23, 2009 Protective Order in [Carter 2008]." (Mot. at 1.)

### B. Procedural Background

Carter filed his Motion to Seal on May 2, 2011. [Dkt. 37.] Defendants filed a Response on May 10, 2011. [Dkt. 40.]

Carter's Motion to Seal is before the Court.

## II. Standard of Review

The common law presumes a right to inspect and copy judicial records and documents. *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988) (citing *Nixon v. Warner Commc'ns*, Inc., 435 U.S. 589, 597 (1978)). The common law presumption of access may be overcome if competing interests outweigh the interest in access, and a court's denial of access is reviewable only for abuse of discretion. *Id*. Where the First Amendment guarantees access, however, access may be denied only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest. *Id*.

The common law presumption in favor of access attaches to all judicial records and documents, whereas the First Amendment guarantee of access has been extended only to particular judicial records and documents, such as documents filed in connection with a summary judgment motion in a civil case and documents filed in connection with plea hearings and sentencing hearings in criminal case. *Id*. at 180-81 (internal quotation marks and citations omitted).

As to whether the common law presumption or the more-stringent First Amendment guarantee applies in the motion to dismiss context, this Court has previously applied the *common law presumption* of access to documents relevant to its consideration of a motion to dismiss. *GTSI Corp. v. Wildflower*

*Int'l, Inc.*, No. 1:09cv123, 2009 WL 1248114, at *8-9 (E.D. Va. Apr. 30, 2009). The Fourth Circuit, in an unpublished decision, has addressed this issue, stating that "the First Amendment guarantee of access should not be extended to documents filed in connection with a motion to dismiss." *In re Policy Mgmt. Sys. Corp.*, No. 94-2254, 94-2341, 1995 WL 541623, at *4 (4th Cir. Sep. 13, 1995). Judge O'Grady has recently addressed the issue, and stated that the "First Amendment right of access . . . may not apply to documents filed with a motion to dismiss. This distinction is logical." *Am. Civil Liberties Union v. Holder*, 652 F. Supp. 2d 654, 661 (E.D. Va. 2009), *aff'd*, No. 90-2086, 2011 WL 1108252 (4th Cir. Mar. 28, 2011) (internal citations omitted).

Under well-established Fourth Circuit precedent, a district court has the authority to seal court documents only "if the public's right of access is outweighed by competing interests." *See Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). Before granting a motion to seal any court document, a district court must follow a three-step process: (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object; (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its

decision to seal the documents and for rejecting alternatives. *Id*.

Additionally, Local Rule 5(C) requires a party moving to seal to provide:

> (1) [a] non-confidential description of what is to be sealed; (2) [a] statement as to why sealing is necessary, and why another procedure will not suffice; (3) [r]eferences to governing case law; and (4) [u]nless permanent sealing is sought, a statement as to the period of time[1] the party seeks to have the matter maintained under seal and as to how the matter is to be handled upon unsealing.

Local Rule 5(C) also provides that the party moving to seal shall provide a proposed order, and "[t]he proposed order shall recite the findings required by governing case law to support the proposed sealing."

### III. Analysis

As an initial matter, the Court notes that Carter's Motion to seal does not satisfy Local Rule 5. Moreover, Carter's only argument in favor of sealing is that his Opposition "references material designated as 'Confidential' pursuant to the parties' October 23, 2009 Protective Order in [Carter 2008]." (Mot. at 1.)

Carter seeks to redact certain portions of his Opposition. (Mot. at 1.) Reviewing the redacted and unredacted versions of the Opposition, the Court finds that the redacted

---

[1] At oral argument regarding the Motion to Seal, Carter represented that he was not seeking a permanent seal.

5

items are (1) portions of a June 11, 2010 hearing before this Court, (Opp. at 2); (2) a reference to a document entitled "Timekeeping Guidelines for KBR LOGCAP III In Theatre," (Opp. at 23); (3) a reference to Carter's deposition in Carter 2008, (Opp. at 24, 30); (4) a reference to Kenneth May's deposition in Carter 2008, (Opp. at 24, 26, 28-29); (5) references to Carter's first time sheet at Al Asad, (Opp. at 25); (6) references to an October 4, 2005 e-mail authored by Carter, (Opp. at 26); (7) references to Captain Laura Schroeder's deposition in Carter 2008, (Opp. at 27); and (8) references to a defendant Kellogg Brown & Root Services, Inc., Employee Relations Investigative Report, which is Exhibit J referenced below, (Opp. at 29-30).

Carter seeks to seal the following exhibits, with Defendants joining in arguing for sealing Exhibit J (and not opposing any of Carter's requested sealing):

- Exhibit C, Kenneth May's deposition in Carter 2008, (Opp. Ex. C);
- Exhibit D, a document entitled "Timekeeping Guidelines for KBR LOGCAP III In Theatre," (Opp. Ex. D);
- Exhibit E, Carter's deposition in Carter 2008, (Opp. Ex. E);
- Exhibit F, Carter's first time sheet at Al Asad, (Opp. Ex. F);
- Exhibit G, an October 4, 2005 e-mail authored by Carter, (Opp. Ex. G);
- Exhibit H, Captain Laura Schroeder's deposition in Carter 2008, (Opp. Ex. H);
- Exhibit I, the declaration of Harold Orr from Carter 2008, (Opp. Ex. I); and
- Exhibit J, a defendant Kellogg Brown & Root Services, Inc., Employee Relations Investigative Report, (Opp. Ex. J).

The Court will first address Exhibit J, and then address the remainder of the exhibits and the Opposition.

### A. Exhibit J

Exhibit J is a report of an internal KBR Employee Relations investigation. The Protective Order, from Carter 2008, governs the disclosure of "confidential information," which is defined to include "information the disclosure of which to or by the receiving party would, in the good faith belief of the producing party, result in the disclosure of . . . information concerning . . . *internal reviews, audits or investigations*." (Resp. Ex. 1 ¶ 2 (emphasis added).) Exhibit J thus qualifies as confidential information under the Protective Order.

More importantly, Defendants have shown that the right of access is outweighed by competing interests. *Ashcraft*, 218 F.3d at 302. First, the parties provided public notice of the request to seal that allowed interested parties a reasonable opportunity to object--nearly two weeks. (Motion to Seal filed May 2 [Dkt. 37].) Second, with respect to Exhibit J, there is no less drastic alternative to sealing the document, such as redaction, as the entirety of the document is confidential per the Protective Order. Third, the Court finds that Exhibit J contains confidential findings of an internal Employee Relations report that are normally unavailable to the public. The

7

public's interest in access is outweighed here by the Defendants' interest in preserving confidentiality. There are no alternatives that appropriately serve these interests. Moreover, the Court notes that it did not consider Exhibit J in ruling on Defendants' motion to dismiss. The Court will seal this document.

> B. Other Exhibits and the Unredacted Opposition

As to all the other sealing Carter requests, Carter has not provided any statement as to why the public's right of access is outweighed by competing interests. *Ashcraft*, 218 F.3d at 302. Carter's argument rests solely on these materials having been designated as 'Confidential' pursuant to the parties' October 23, 2009 Protective Order in [Carter 2008]." (Mot. at 1.) This, alone, is insufficient.

The materials are Carter's, Kenneth May's, and Captain Laura Schroeder's depositions in Carter 2008, a document entitled "Timekeeping Guidelines for KBR LOGCAP III In Theatre" (which Defendant did not argue for sealing, as it did with Exhibit J), Carter's first timesheet at Al Asad, an October 4, 2005 e-mail authored by Carter, and the declaration of Harold Orr from Carter 2008.

Because Carter has not provided any reason as to why the public's right of access is outweighed by competing interests, *Ashcraft*, 218 F.3d at 302, the Court will deny the

Motion to Seal as to these materials.  Indeed, the Court asked Carter at oral argument if he could provide any reason as to why the public's right of access is outweighed by competing interests, and he provided none.

   C. <u>Defendants' Exhibits to its Motion to Dismiss</u>

In their response to the Motion to Seal, Defendants indicated that they withheld from public filing a copy of exhibits 4 through 7 of their memorandum in support of their motion to dismiss, [Dkts. 31-4 through -7], and exhibit 9 to their response in support, [Dkt. 39-2], as well as the portions of Defendants' briefs that described those documents. (Resp. at 7.) Defendants represent that Carter had designated these exhibits confidential under the Protective Order. *Id*.

Defendants indicate that they intend to file those exhibits and unredacted copies of their briefs with the Court's public filing system after the May 13, 2011 hearing on their motion to dismiss. *Id*. Carter did not reply stating he wants these documents sealed.

The documents are as follows:

- Exhibit 4, Kenneth May's deposition in Carter 2008, [Dkt. 31-4];
- Exhibit 5, an October 3, 2005 e-mail from Kenneth May to Carter, [Dkt. 31-5];
- Exhibit 6, a May 21, 2008 e-mail from Carter forwarding to himself a November 11, 2005, e-mail from Kenneth May to Carter, [Dkt. 31-6];
- Exhibit 7, Carter's deposition in Carter 2008, [Dkt. 31-7]; and

9

- Exhibit 9, Carter's deposition in Carter 2008, [Dkt. 39-2].

Carter has not provided any argument as to why the public's right of access is outweighed by competing interests. *Ashcraft*, 218 F.3d at 302. Accordingly, the Court will not seal these materials.

### IV. Conclusion

For these reasons, the Court will grant the Motion to Seal only as to Exhibit J and as to the portions of Carter's Opposition that address Exhibit J and will deny the Motion to Seal as to all other exhibits.

An appropriate Order will issue.

|  | /s/ |
|---|---|
| May 24, 2011 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |