IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES *ex rel.* | ) | |
| BENJAMIN CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:10cv864 (JCC/TCB) |
| | ) | |
| HALLIBURTON COMPANY, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on defendants

Halliburton Company, KBR, Inc., Kellogg Brown & Root Services,

Inc., and Service Employees International, Inc.'s (collectively,

"Defendants"), Motion to Dismiss [Dkt. 30] (the "Motion").  For

the following reasons, the Court will grant the Motion and will

dismiss this case without prejudice.

**I.  Background**

A.   Factual Background

This subject matter underlying this case is before the

court for a second time and involves the Defendants' allegedly

fraudulent billing of the United States.  As set forth below,

this case is identical to an earlier case dismissed by this

Court and related to an earlier case filed in district court in

California.

## a.    Carter's Allegations

In his Complaint, Relator Benjamin Carter ("Carter" or "Relator") brings a *qui tam* action under the False Claims Act, 31 U.S.C. §§ 3729 through 3733 (the "FCA"), alleging that Defendants falsely billed the government for services provided to United States military forces in Iraq.

Specifically, Carter alleges that Defendants "knowingly presented [or caused to be presented] to an officer or employee of the United States Government . . . false or fraudulent claims for payment or approval" in violation of 31 U.S.C. § 3729(a)(1).[1]  (Complaint [Dkt. 1] ("Compl.") ¶¶ 157-58.) Carter also alleges that "Defendants knowingly made, used, or caused to be made or used, false records or statements to get false or fraudulent claims paid or approved by the Government" violation of 31 U.S.C. § 3729(a)(2).  (Compl. ¶¶ 192-193.)

These allegations stem from Carter's work as an employee of Defendants as a Reverse Osmosis Water Purification Unit ("ROWPU") Operator in Iraq from mid-January 2005 until April 2005.  (Compl. ¶¶ 3, 41, 69.)  During that period, Carter worked at two camps, Al Asad and Ar Ramadi. (Compl. ¶¶ 41-42, 69.)  Carter alleges "the Al Asad Defendant ROWPU employees were not engaged in any actual water purification duties on discrete dates in January 2005," but nevertheless, the "Al Asad ROWPU

---

[1] Section 3729(a)(1) has been re-codified at 31 U.S.C. § 3729(a)(1)(A).

employees' time [was] billed under LOGCAP[2] III" as if they had been purifying water.  (Compl. ¶¶ 130-131.)

Carter alleges that while working at Ar Ramadi, he was "required to fill in timecards stating that he worked 12 hour[s] a day, each day, with uniformity, on ROWPU functions," though during this time Carter "actually worked 0 hours per day on ROWPU functions."  (Compl. ¶¶ 54-55.)

Carter also alleges that all "trade employees" such as he were required to submit time cards totaling "exactly 12 hours per day and 84 hours per week" and that it was their "routine practice" to do so.  (Compl. ¶¶ 60-61, 65, 67-68.)

In essence, Carter contends that Defendants had knowledge that at the Ar Ramadi and Al Asad camps in Iraq, ROWPU "personnel were not engaged in any water testing or purification duties in support of the LOGCAP Contract," and "Defendants were billing the Government for work that was not actually performed."  (Compl. ¶¶ 163, 166.)

### b.  2008 Carter

Carter filed an earlier case in this Court against Defendants, Civil Action No. 08cv1162 (JCC/JFA) ("2008 Carter"). On May 10, 2010, this Court dismissed 2008 Carter without prejudice for lack of jurisdiction.  (1:08cv1162 [Dkt. 307].)

---

[2] As noted in this Court's May 10, 2010 Memorandum Opinion in 1:08cv1162, LOGCAP III was the Logistics Civil Augmentation Program ("LOGCAP") contract put out by the Department of Defense for civil logistical support for military operations in Iraq, Afghanistan, and other countries.

The Court held that 2008 Carter was barred by § 3730(b)(5) of the FCA, which bars a relator from "bring[ing] a related action based on the facts underlying [a] pending action," known colloquially as the FCA's "first-to-file bar."   31 U.S.C. § 3730(b)(5).

Relator originally filed 2008 Carter on February 1, 2006, in the U.S. District Court for the Central District of California, with a first amended complaint filed on February 10, 2006.  (1:08cv1162 [Dkt. 5].)  Carter 2008 was transferred to this Court on November 3, 2008.  (1:08cv1162 [Dkt. 73].)  This Court dismissed Relator's first amended complaint in Carter 2008 on January 13, 2009, granting leave to amend.  (1:08cv1162 [Dkt. 90].)  Carter filed a second amended complaint in Carter 2008 on January 28, 2009.  (1:08cv1162 [Dkt. 92].)

Also significant is this Court's July 23, 2009 Order in Carter 2008 dismissing Counts 2 and 3 of Relator's second amended complaint in their entirety, dismissing Count 1, alleging that Defendants knowingly submitted false claims to the United States, except as it as it related to September 1, 2004 through April 2005 for Ar Ramadi, and during January 2005 for Al Asad, (Memorandum Opinion ("Mem. Op.") at 13, 19, 1:08cv1162 [Dkt. 122]), and dismissing Count 4, which alleged that Defendants knowingly made or used false records or statements material to a false claim,  except as it related to the time

cards of the Ar Ramadi ROWPU employees from September 1, 2004 to April 2005, (*Id*. at 32).

### c.    The California Case

The first-filed "pending action" barring Carter 2008 was *United States ex rel. Thorpe v. Halliburton Co.*, Civil Action No. 05cv08924 in the Central District of California, filed on December 23, 2005 (the "California Case").  (May 10, 2010 Mem. Op. at 2, 14-19, 1:08cv1162 [Dkt. 306].)

On March 23, 2010, in the week before Carter 2008 was set for trial, the Department of Justice ("DOJ") disclosed to the parties the existence of the California Case.  Defendants moved to dismiss Carter 2008 under § 3730(b)(5)'s first-to-file bar, and this Court dismissed Carter 2008 without prejudice on May 10, 2010.  (1:08cv1162 [Dkt. 307].)

After this Court dismissed Carter 2008, the California Case was dismissed on July 30, 2010.  (Memorandum in Support [Dkt. 31] ("Mem.") at 8; Opposition [Dkt. 36] ("Opp.") at 5.)

### d.    2008 Carter Appeal

Relator filed a notice of appeal to the Fourth Circuit on July 13, 2010.  (1:08cv1162 [Dkt. 325].)  Carter moved to dismiss the appeal on December 14, 2010.  (Opp. at 2.)  The Fourth Circuit dismissed the Carter 2008 appeal on February 14, 2011.  (1:08cv1162 [Dkt. 331-32].)

e.    The Instant Case

        Carter filed this case on August 4, 2010.  [Dkt. 1.]

The United States declined to intervene in this case on December

7, 2010.  [Dkt. 13.]  This Court unsealed this case on December

8, 2010.  *Id*.

        Carter's complaint in this case is identical to the

second amended complaint filed in 2008 Carter, except for its

title, the case number, and the signature block.  (Mem. Exhibit

("Ex.") 1 [Dkt. 31-1]; Opp. at 2.)

        B.    Procedural Background

        Defendants filed their Motion to Dismiss on April 18,

2011.  [Dkt. 30.]  Carter filed an opposition to that motion on

May 2, 2011.  [Dkt. 36.]  Defendants filed their reply in

support on May 6, 2011.  [Dkt. 39.]  Defendants' Motion to

Dismiss is before the Court.

                    **II.  Standard of Review**

        Pursuant to Rule 12(b)(1), a claim may be dismissed

for lack of subject matter jurisdiction.  Fed. R. Civ. P.

12(b)(1).  Defendants may attack subject matter jurisdiction in

one of two ways.  First, defendants may contend that the

complaint fails to allege facts upon which subject matter

jurisdiction may be based.  *See Adams v. Bain*, 697 F.2d 1213,

1219 (4th Cir. 1982); *King v. Riverside Reg'l Med. Ctr.*, 211 F.

Supp. 2d 779, 780 (E.D. Va. 2002).  In such instances, all facts

alleged in the complaint are presumed to be true. *Adams*, 697

F.2d at 1219; *Virginia v. United States*, 926 F. Supp. 537, 540

(E.D. Va. 1995). Alternatively, defendants may argue that the

jurisdictional facts alleged in the complaint are untrue.

*Adams*, 697 F.2d at 1219; *King*, 211 F. Supp. 2d at 780. In that

situation, "the Court may 'look beyond the jurisdictional

allegations of the complaint and view whatever evidence has been

submitted on the issue to determine whether in fact subject

matter jurisdiction exists.'" *Virginia v. United States*, 926 F.

Supp. at 540 (citing *Capitol Leasing Co. v. FDIC*, 999 F.2d 188,

191 (7th Cir. 1993)); *see also Adams*, 697 F.2d at 1219; *Ocean*

*Breeze Festival Park, Inc. v. Reich*, 853 F. Supp. 906, 911 (E.D.

Va. 1994); *Velasco v. Gov't of Indonesia,* 370 F.3d 393, 398 (4th

Cir. 2004) (holding that "the district court may regard the

pleadings as mere evidence on the issue and may consider

evidence outside the pleadings without converting the proceeding

to one for summary judgment"). In either circumstance, the

burden of proving subject matter jurisdiction falls on the

plaintiff. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S.

178, 189 (1936); *Adams*, 697 F.2d at 1219; *Johnson v. Portfolio*

*Recovery Assocs.,* 682 F. Supp. 2d 560, 566 (E.D. Va. 2009)

(holding that "having filed this suit and thereby seeking to

invoke the jurisdiction of the Court, Plaintiff bears the burden

of proving that this Court has subject matter jurisdiction").

### III.  Analysis

Defendants argue that this Court should dismiss with
prejudice Carter's Complaint because the Court lacks
jurisdiction under two provisions of the FCA: the FCA's "first-
to-file" bar, 31 U.S.C. § 3730(b)(5), (Mem. at 10-19); and the
FCA's public disclosure bar,[3] 31 U.S.C. § 3730(e)(4)(A), (Mem. at
20-29).

Section 3730(b)(5) of the FCA is "known colloquially
as the Act's first-to-file bar."  *Grynberg v. Koch Gateway
Pipeline Co.*, 390 F.3d 1276, 1278 (10th Cir. 2004); *Erickson ex
rel. United States v. American Inst. of Biological Scis.*, 716 F.
Supp. 908, 918 (E.D. Va. 1989) (explaining that "this provision
establishes a first in time rule").  Section 3730(b)(5) is
jurisdictional in nature, and if an action based on the facts
underlying a pending case comes before the court, a court must
dismiss the later-filed case for lack of jurisdiction.  *Lujan v.
Hughes Aircraft Co.*, 243 F.3d 1181, 1187 (9th Cir. 2001);
*Grynberg* 390 F.3d at 1279 n.1.

The text of the first-to-file bar provides that
"[w]hen a person brings an action under [the FCA], no person
other than the Government may intervene or bring a related
action based on the facts underlying the *pending* action."  31
U.S.C. § 3730(b)(5) (emphasis added).

---

[3] The Court does not address Defendants' public disclosure bar argument
because the Court need not reach that issue to dispose of Defendants' Motion
to Dismiss.

The Court is mindful that "[i]n a statutory
construction case, the beginning point must be the language of
the statute, and when a statute speaks with clarity to an
issue[,] judicial inquiry into the statute's meaning, in all but
the most extraordinary circumstance, is finished." *Ramey v.
Director, Office of Workers' Comp. Program*, 326 F.3d 474,
476 (4th Cir. 2003) (citing *Estate of Cowart v. Nicklos Drilling
Co.,* 505 U.S. 469, 475 (1992)). "[I]n interpreting a statute a
court should always turn first to one, cardinal canon before all
others," that when Congress writes a statute, it "says . . .
what it means and means . . . what it says there." *Conn. Nat'l
Bank v. Germain*, 503 U.S. 249, 253-54 (1992).

Defendants point to two first-filed actions as barring
Carter's suit: the California Case,[4] on which Defendants base the
bulk their first-to-file argument, and Carter 2008, which
Defendants mention in passing. (Mem. at 11, 16 n.18.)

Defendants argue that Carter's "own related, earlier-
filed case [Carter 2008] was still pending before the Fourth
Circuit" when Carter filed the instant case. (Mem. at 16 n.18.)
Carter did not raise an argument in opposition with respect to
the California Case on this point, but did present an argument
at the May 13, 2011 oral argument regarding the Motion to
Dismiss, which the Court addresses below.

---

[4] For the reasons set forth herein, the Court need not address whether the
California Case is a "pending action" for purposes of the first-to-file-bar.

As for the salient facts, the Fourth Circuit dismissed the Carter 2008 appeal on February 14, 2011. (1:08cv1162 [Dkt. 331-32].) Again, Carter filed the Complaint in the instant matter on August 4, 2010. [Dkt. 1.]

A case is pending until the appeal is disposed of, as an appeal is not a new suit in the appellate court, but a continuation of the suit in the district court. *de Rodulfa v. United States*, 461 F.2d 1240, 1253 (D.C. Cir. 1972), cert. denied, 409 U.S. 949 (1972). This makes perfect sense, because if the Fourth Circuit had reversed this Court's ruling dismissing Carter 2008 for want of jurisdiction under the first-to-file bar, Carter 2008 would have been remanded, and the action would have continued.

Here, Carter's instant suit was filed on August 4, 2010, and the appeal in Carter 2008--and, thus, Carter 2008 itself--was pending until it was dismissed on February 14, 2011. By the plain, unambiguous terms of § 3730(b)(5), "[w]hen a person brings an action under [the FCA], no person other than the Government may intervene or bring a related action based on the facts underlying the *pending* action." 31 U.S.C. § 3730(b)(5) (emphasis added). The instant case and Carter 2008 are indisputably "related," and Carter 2008 was pending when Carter brought the instant suit. Accordingly, the instant case is barred by the FCA's first-to-file bar, and the case will be

dismissed.  The Court notes that it is somewhat odd that a party's own, earlier case can bar that party's later case, but the statutes says a "pending action."  Again, "in interpreting a statute a court should always turn first to one, cardinal canon before all others," that when Congress writes a statute, it "says . . . what it means and means . . . what it says there." *Germain*, 503 U.S. at 253-54.

At oral argument, Carter argued in opposition that the FCA's jurisdictional statute, 31 U.S.C. § 3732(a), vests jurisdiction exclusively in district courts.  Thus, according to Carter, when an action is on appeal, there is no "pending action" for purposes of the first-to-file bar, because the statute vests jurisdiction solely in the district court.  For instance, Carter argued, the Court's electronic filing system will state that a case is "closed" when that case is on appeal.

31 U.S.C. § 3732(a) states, in relevant part, that "[a]ny action under [the FCA] may be brought in any judicial district in which the defendant or, in the case of multiple defendants, any one defendant can be found, resides, transacts business, or in which any act proscribed by [the FCA] occurred." This statute, by its plain terms, does not vest jurisdiction *exclusively* in the district courts.  Moreover, the first-to-file bar requires a court to dismiss "a related action based on the facts underlying the *pending* action."  31 U.S.C. § 3730(b)(5)

(emphasis added).  Section 3730(b)(5) does not say "an action pending in a district court," but says "pending action."  For those reasons, Carter's argument must fail.

Even assuming Carter's argument has some legs, an appeal in an action does not divest *all* courts of jurisdiction. Instead, "[t]he filing of a notice of appeal . . . *confers jurisdiction on the court of appeals* and divests the district court of its control *over those aspects of the case involved in the appeal*."  *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam) (emphasis added).  Plainly, the filing of a notice of appeal vests jurisdiction in the appellate court and, as stated above, a case is pending until the appeal is disposed of.  *de Rodulfa*, 461 F.2d at 1253.  Thus, regardless of the district court's jurisdiction, the appellate court has jurisdiction over a case on appeal, and while on appeal that case is a pending action for purposes of the first-to-file bar. Moreover, although an appeal vests jurisdiction in the appellate court, the district court retains some jurisdiction.  For instance, "the district court . . . [has] authority to entertain a timely motion to alter or amend the judgment under [Federal Rule of Civil Procedure] Rule 59, even after a notice of appeal had been filed."  *Griggs*, 459 U.S. 56. at 59.

Carter's argument fails even under its own terms. Carter *agrees* with the Court that district courts do not have

exclusive FCA jurisdiction.  The Court knows he agrees because

he filed an appeal in Carter 2008 and prosecuted that appeal

until his motion to dismiss it was granted by the Fourth

Circuit.  Also, the circuit courts and the Supreme Court clearly

have jurisdiction over FCA actions, as these courts hear these

cases regularly.  Thus, even on its own terms, Carter's

"exclusive jurisdiction in the district court" argument must

fail.

## IV.  Conclusion

For these reasons, the Court will grant the Motion to

Dismiss without prejudice.

An appropriate Order will issue.



|  | /s/ |
| --- | --- |
| May 24, 2011 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |